UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| DIANNA OVSEPYAN, | No. CV 10-05781-VBK |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | (Social Security Case) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") erred in

|  | |
|---|---|
| 1 | failing to reference or discuss the manipulative limitations |
| 2 | imposed by the State Agency medical consultant. (JS at 2.) |

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ DID NOT ERR IN ASSESSING RESIDUAL FUNCTIONAL CAPACITY**

This case can only be understood and evaluated based on its somewhat lengthy procedural history. This in not Plaintiff's first application for SSI. That application was filed in 2004 and denied at the ALJ hearing level on February 9, 2006. Plaintiff did not request further review of that decision (AR 74), and it is therefore entitled to res judicata effect. See Taylor v. Heckler, 765 F.2d 872, 876 (9th Cir. 1985).

Plaintiff also filed an application for SSI on April 10, 2006, alleging the identical onset date, February 1, 2004. This resulted in an unfavorable ALJ decision issued on October 20, 2008, in which Plaintiff was found to be not disabled, because she was capable of performing light work and could return to her past relevant work as a Dressing Room Attendant as that job is both generally and actually performed. (AR 74.) Again, Plaintiff did not request review of that hearing decision, and thus it is administratively final.

Plaintiff filed the application at issue in this case on November 30, 2008. This resulted in the current decision being reviewed, which was issued on April 20, 2010. (AR 74-82.)

As with the prior applications, the ALJ of necessity applied the

2

principles set forth in Chavez v. Bowen, 844 F.2d 691 (9th Cir. 1988), and Acquiescence Ruling 97-4(9). Those principles require that when there is an adjudication of a subsequent claim which involves a prior unadjudicated period, and where the claim arises from the same title of the Social Security Act as a previous claim on which there has been a final determination of non-disability, there is a presumption of non-disability regarding the unadjudicated time period in the later claim. (See Chavez, 844 F.2d at 693.) In order to overcome that presumption of continuing non-disability, it is the burden of the claimant to prove "changed circumstances" indicating greater disability. (See Chavez, 844 F.2d at 693.) Those changed circumstances may include a change in age category; an increase in the severity of an impairment not previously considered, or a change in criteria for determining disability.

In this case, Plaintiff was found to have not proven changed circumstances which would indicate a greater degree of disability, or the existence of a disability not found in the October 20, 2008 decision.

Plaintiff's sole issue of contention is that the ALJ failed to incorporate a manipulative limitation imposed by the State Agency medical consultant, who opined that Plaintiff should be limited to "no overhead reaching with either arm." (AR 236.)

The ALJ in this case determined that Plaintiff still had the same impairments as the previous ALJ had found in his decision. (AR 77; 62.) These included osteoarthritis in her neck, degenerative joint disease in her back, bilateral varicose veins, and high blood pressure ("hypertension"), which were found to be not disabling. (AR 77.) It was determined that Plaintiff had the residual functional capacity

("RFC") to perform light work with the following limitations: occasionally climb ramps and stairs, no ladders, ropes or scaffolds; occasionally balance, kneel, crouch, crawl and stoop; occasionally push and pull with lower extremities; and not perform work at unprotected heights or with dangerous equipment. (AR 78.)

In reaching the RFC conclusion set forth above, the ALJ relied upon the opinions of several of the State Agency physicians that indicated no changed circumstances, and indeed recommended affirmation of the previous October 20, 2008 ALJ decision. In particular, although Plaintiff focuses on a single statement by State Agency physician Dr. Ombres about reaching limitations, she downplays Dr. Ombres' specific statement that she "agree[d] and ha[d] adopted the ALJ's [prior] decision." (AR 238.) In any event, it is obviously the fact that Dr. Ombres relied upon existing medical evidence of record, and did not perform her own examination. What occurred, then, was that, after reviewing these records, Dr. Ombres indicated her agreement with the RFC set forth in the October 20, 2008 decision.

The ALJ did not simply rely upon the dictates of the <u>Chavez</u> decision without evaluating the objective medical evidence in the record. For example, the ALJ reviewed February 4, 2010 CT scan results on Plaintiff's back and neck (AR 79, 247-248), but concluded that they did not preclude her from performing light work with occasional postural limitations. (<u>Id</u>.)

The ALJ also evaluated the opinion of Plaintiff's treating physician, Dr. Janoian, which adopted a more restricted RFC. (The Court notes that Plaintiff is not challenging the ALJ's rejection of Dr. Janoian's opinion.) The ALJ provided specific reasons to reject the opinion of treating physician Dr. Janoian.

4

Plaintiff did not satisfy her burden to show changed circumstances.  The evidence in the record was fully considered by the ALJ, who correctly found that Plaintiff had not provided sufficient evidence to change the prior decision.  The ALJ's interpretation of the evidence was reasonable and supported by substantial evidence.  The Court will not disturb it.

For the foregoing reasons, the decision of the ALJ will be affirmed.  The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: April 22, 2011                    /s/
                                         VICTOR B. KENTON
                                         UNITED STATES MAGISTRATE JUDGE